## Hamberry v. City of Philadelphia Police Pension Fund Association, Appellant.

*Beneficial societies—Police pension fund—Death benefits—Death in discharge of duty—Construction.*

A policeman of the City of Philadelphia who was killed in battle, while on leave of absence in the service of the United States, is not entitled to pension under the by-laws of an incorporated society, which provide for the payment of a pension to the family of a member of the police force, who is killed in the actual discharge of his duty. Because the deceased was serving on leave of absence from the City of Philadelphia, cannot affect the requirements as laid down in the by-laws and the constitution of the corporation.

In order to entitle the plaintiff, who was the wife of the deceased, to any pension, her husband must have been killed while he was actually in the discharge of his duty as a policeman. The leave of absence was not given by the defendant corporation and did not change the status of the deceased, who as a member of the association was subject to all of the requirements set forth in the charter and by-laws of the organization.

Argued December 20, 1920. Appeal, No. 324, Oct. T., 1920, by defendant, from judgment of Municipal Court

of Philadelphia, Jan. T., 1920, No. 273, in favor of plaintiff in case tried by the court without a jury in suit of Leah Hamberry v. City of Philadelphia Police Pension Fund Association. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit for pension payable to a widow of a member of the police force of the City of Philadelphia. Before BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of plaintiff. Defendant appealed.

*Error assigned* was the judgment of the court.

*James Alcorn,* for appellant.

*C. Oscar Beasley,* for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The appellant is a corporation existing under the laws of this State. Its charter declares the purpose of the corporation to be to accumulate a fund from the dues of its members, and from legacies, bequests, gifts, and other sources, with which to pay pensions to members of the association, and to families of deceased members. The amount of such pensions, the circumstances under which they shall be paid, and the parties to whom they shall be paid, to be determined by its by-laws. As provided in section 1 of the by-laws "only the male members of the Bureau of Police of the City of Philadelphia shall be entitled to apply for membership in this association." Provision is made for pensions to members: (1) For permanent disability by reason of an injury or injuries while in the actual discharge of duty. (2) For permanent disability from any cause whatever other than intemperate habits or immoral practices after ten years of

service. (3) For twenty years' service after having reached the age of fifty years. (4) For physical disability for any cause after twenty years' service though the member had not reached the age of fifty years. There is also provision made for pensions to widows or children or dependent fathers or mothers when the member was killed in the actual discharge of his duty, or died within sixty days after being injured, from the effects of the injury or injuries received, while a member and while in the actual discharge of his duty. It is under the latter provision of the by-laws that this action arises. On the 30th of June, 1916, an ordinance was approved by the mayor granting leave of absence with pay to any employee paid by warrant of the City and County of Philadelphia, who should make application therefor, for the purpose of military service in the National Guard of Pennsylvania or in the service of the United States government. Leave of absence with pay was defined to mean the difference between the salary or wages of said employee and the salary or wages paid in the service of the state or nation where the same was less than that paid by the city. The plaintiff is the widow of Joseph H. Hamberry, who was a member of the police force of Philadelphia and who entered the United States military service. He went with other soldiers to Europe and was killed in battle in France. His widow claims a pension under the by-laws above recited. That the defendant association is a private corporation is not questioned. The law regulating its conduct was formulated by the members alone. They only had authority to prescribe the conditions under which its benefits should become payable. A reading of the by-laws shows that the benefits contemplated were to accrue because of the service of the member in the police force of the city. To be entitled to a pension for permanent incapacity by reason of an injury, such injury must have been received while he was a member of the association and while in the actual discharge of the duties of his position. All

the other by-laws refer to this relation of service in the department. With respect to a widow—the right to a pension only exists when her husband was "killed while in actual discharge of his duty." The by-laws were not intended to apply to the extraordinary circumstances under which the plaintiff's husband lost his life. They were all to operate on the conditions described as related to the conduct of the police force while in the service of the city in that capacity. The loss of life "in the actual discharge of his duty" has reference to official duty, to service rendered to the City of Philadelphia. That the plaintiff's husband was engaged in most praiseworthy service all will agree. No expressions are too strong which give credit to the valorous men who on foreign soil added honor to their nation's history and gave greater lustre to their country's flag. That those who survived and the widows and orphans of those who fell in the perilous strife deserve well of their country cannot be doubted, but we are not in this action determining the form or the amount of pecuniary relief which should be awarded them. This is an action at law in which the plaintiff's rights, if any she have, exist by reason of the by-law of the corporation which has already been quoted. Unless her husband was killed in the actual discharge of his duty as a policeman of the city, she is not entitled to the benefits provided for in the regulations of the defendant. When we take into consideration the objects of the corporation, the qualifications and occupations of the persons who compose it, we are unable to hold that the by-law under which the plaintiff claims can be made to apply in a case in which a member lost his life while a soldier of the United States in a foreign country. Having entered that service, his whole duty was to the military authority under which he served. He owed no duty to the City of Philadelphia as a member of the police force, nor was he in any manner under its control or direction. The fact that he was given a leave of absence and that his name was continued on the police roll does

not change the situation. The city had no authority to send him to the army nor to Europe. It might consent that he go, but his going was a matter between himself and the United States government. It was no doubt within the right of the association to retain him as a member during his absence. He thereby continued the opportunity to receive the benefits of the by-laws with respect to long service in the police department, but the contract is not one of insurance and the right of the plaintiff rises no higher than can be established by force of the 6th section of the 11th article. The learned counsel for the appellee contends that the action should be sustained on a theory of waiver; that the failure of the defendant to object to the absence of the plaintiff's husband in military service abroad should be held to amount to a consent and thereby to estop the appellant from interposing the defense now presented. We are unable to follow this theory to a logical conclusion in aid of the action. The leave of absence was not given by the defendant. It was given by the municipality which employed the member. As long as the city was satisfied as to the whereabouts and occupation of its employee, it was a matter of no concern to the defendant whether he was in the performance of official duties or not. The city might give him a longer or shorter leave of absence; that would not change his relation to the association. The circumstances, however, under which benefits were to be received by him or those dependent on him, would not be changed. They were conditions with respect to which the city had no control. As long as the member remained in the police department and whenever he brought himself under the provisions of the charter and the by-laws of the organization, he had the benefit of its aid. Likewise in case of his death under the circumstances provided for, his widow could receive her pension. But nothing in the charter or by-laws or in the facts disclosed raises any question of waiver as against the defendant affecting its liability to pay the

claim in this action presented. Much as our sympathies go out toward the plaintiff, the case cannot be disposed of from considerations either of patriotism or philanthropy. It must be decided as a question of law on undisputed facts.

The judgment is reversed.